# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3399 | **DATE** | 5/28/2003 |
| **CASE TITLE** | Boatman vs. Sternes | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Petitioner Boatman's petition for a writ of habeas corpus is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | MAY 29 2003 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 18 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TH✓ | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel DERRICK BOATMAN, | ) ) ) |
| Petitioner, | ) ) ) No. 02 C 3399 |
| v. | ) ) |
| JERRY L. STERNES, | ) ) ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Judge

Petitioner Derrick Boatman, who is incarcerated at the Dixon Correctional Center in Dixon, Illinois following a state court conviction, has filed a petition for habeas relief pursuant to 28 U.S.C. §2254. For the reasons set forth below, the Court denies the petition.

### FACTUAL AND PROCEDURAL BACKGROUND

On November 17, 1995, a judge found Petitioner Boatman guilty of first degree murder following a bench trial. The court sentenced Petitioner to a 45 year term of imprisonment. Petitioner appealed his conviction, arguing that the State had failed to prove him guilty beyond a reasonable doubt. The Appellate Court affirmed Boatman's conviction. On February 24, 1997, Boatman sought leave to appeal to the Illinois Supreme Court. On June 4, 1997, the Supreme Court denied Boatman's leave to appeal.

On May 5, 1997, Petitioner filed a *pro se* petition for post conviction relief. The state court subsequently appointed counsel to assist Petitioner. Counsel filed a supplemental petition for post conviction relief. The court denied Petitioner's request for post-conviction relief after

holding an evidentiary hearing on the supplemental petition.

Petitioner appealed the trial court's ruling, arguing that he had been denied the effective assistance of post-conviction counsel because his counsel had not filed a certificate pursuant to Illinois Supreme Court Rule 651(c). The appellate court affirmed the denial of post conviction relief.

On March 9, 2001, Petitioner filed a petition for leave to appeal to the Illinois Supreme Court arguing that: (1) he was denied effective assistance of trial counsel when counsel browbeat him into waiving his right to a jury trial one hour before trial; (2) the State did not prove him guilty beyond a reasonable doubt; and (3) he was denied the effective assistance of post-conviction counsel where his counsel failed to file the requisite certificate under Supreme Court Rule 651(c) and the record does not support the finding that counsel complied with that rule. On June 6, 2001, the Illinois Supreme Court denied his petition for leave to appeal.

On May 10, 2002, Petitioner Boatman filed his federal petition for writ of habeas corpus. In the petition, Boatman argues that he is entitled to habeas relief on the following bases: (1) he was not proven guilty beyond a reasonable doubt; (2) he was denied his Sixth Amendment right to the effective assistance of trial counsel when his trial counsel (a) promised him an acquittal if he took an [sic] bench trial, (b) failed to properly cross examine the state's witness, and (c) failed to file certain pre-trial motions; (3) he was denied the effective assistance of appellate counsel; and (4) he was denied his Due Process rights when his post-conviction counsel failed to comply with Illinois Supreme Court Rule 651(c).

## ANALYSIS

1. **Procedural Default**

Under 28 U.S.C. § 2254, a district court can grant habeas relief only if the adjudication of the claim by the state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Before reviewing a habeas petition on the merits, the court must first determine that the petitioner exhausted all available state remedies, and that the petitioner did not procedurally default the claims in state court. *See Moleterno v. Nelson*, 114 F.3d 629, 633-34 (7th Cir. 1997). Procedural default occurs when a petitioner failed to raise his claim with a state court or if the state court declined to address the merits of his claim due to his non-compliance with a state law requirement. *See Coleman v. Thompson*, 501 U.S. 722, 729-30, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). A petitioner's failure to present a constitutional claim to the highest state court to which it may be appealed, in the manner required by state law, results in a procedural default that may prevent a federal court from deciding it. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848, 119 S.Ct. 1728, 1734, 144 L.Ed.2d 1 (1999); *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Thus, to avoid procedural default, a petitioner must fully and fairly present his constitutional claims in state court. *Wilkinson v. Cowan*, 231 F.3d 347, 350 (7th Cir. 2000), *cert. denied*, 533 U.S. 928 (2001).

Respondent argues that Petitioner has procedurally defaulted on his claims of ineffective assistance of trial and appellate counsel because Petitioner failed to raise them when he appealed from the denial of post-conviction relief. The Court agrees.

On March 9, 2001, Petitioner filed a petition for leave to appeal to the Illinois Supreme

3

Court. In that appeal, Boatman failed to argue ineffective assistance of his appellate counsel. Accordingly, he has procedurally defaulted that argument and the Court will not review the merits of it.[1] *See O'Sullivan*, 526 U.S. at 848, 119 S.Ct. at 1734 (failure to present claims to Illinois Supreme Court "has resulted in a procedural default of those claims"); *see also Mahaffey v. Schomig*, 294 F.3d 907, 914-15 (7th Cir. 2002). Similarly, Petitioner failed to present the issue of ineffective assistance of trial counsel for failing to properly cross examine the State's witnesses and failing to file certain pre-trial motions in his petition for leave to appeal. Accordingly, Petitioner has also procedurally defaulted this issue. *Id.*

Further, Boatman has procedurally defaulted his claim of ineffective assistance of counsel for "browbeating [him] into waiving his right to a jury trial." Although Boatman raised this issue in his petition for review with the Illinois Supreme Court, he failed to first raise it in his post conviction brief before the appellate court. Petitioner's initial petition raised the issue, but he did not brief the issue or analyze the federal nature of his claims, and the appellate court did not consider it. Because Boatman did not fairly present the substance of this claim to appellate court, his argument is waived. *Wilson v. Briley*, 243 F.3d 325, 328-29 (7th Cir. 2001) ("Presenting a federal claim for the first time in a petition for discretionary review by a state's highest court will not satisfy the fair presentment requirement").

Because Petitioner procedurally defaulted on his ineffective assistance of counsel claims,

---

[1] The court notes that the Supreme Court recently held, in *Massaro v. United States*, --- U.S. ----, 123 S.Ct. 1690, --- L.Ed.2d ---- (2003), that a defendant challenging a federal conviction under 28 U.S.C. § 2255 could raise an ineffective assistance of counsel claim in a collateral proceeding even though the defendant could have, but did not, raise that claim on direct appeal. This case, unlike *Massaro*, involves a Section 2254 petition that challenges a state conviction. Therefore the reasoning and holding in *Massaro* are inapplicable.

the Court can only grant habeas relief if Petitioner demonstrates that he had cause for the default and suffered prejudice as a result, or that a fundamental miscarriage of justice will result if the claim is not considered. *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). To show that a miscarriage of justice will occur if a procedural default is not excused requires proof that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1980). In this case, Petitioner has not established cause for the default or suffered prejudice as a result. Further, Petitioner has not shown that a failure to grant him relief would result in a fundamental miscarriage of justice. Therefore, habeas relief is denied as to these procedurally defaulted claims.

## II.     Noncognizable Constitutional Claim

Barrow also argues that his post-conviction counsel failed to comply with Illinois Supreme Court Rule 651(c) by failing to file the certificate required under that Rule. Barrow argues that this failure violated his due process and Sixth Amendment rights and thus the Court should grant his writ of habeas corpus. A claim that state law was violated is not appropriate in a federal habeas corpus action because a habeas can only be granted on the ground that a petitioner is in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3). *See also Perry v. McCaughtry*, 308 F.3d 682, 688 (7th Cir. 2002); *Burris v. Farley*, 51 F.3d 655, 659 (7th Cir. 1995)("A federal court may not issue [a writ of habeas corpus] on the basis of a perceived error of state law") (quoting *Pulley v. Harris*, 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984)). Barrow's argument pertains to "purely a matter of state law" and is therefore not a cognizable claim. *United States v. McEvers*, No. 96 C

5

6605, 1997 WL 136273, at *2 (N.D.Ill. 1997). Accordingly, Petitioner's claim for failure to comply with Rule 651(c) is dismissed.

### III.   Merits of Petition – Boatman's Claim of Insufficient Evidence

The Court will address the merits of Boatman's claim that the State did not prove him guilty beyond a reasonable doubt. Boatman contends that the State's "evidence presented at the petitioner's trial did not support a conviction."

The Court's review is limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, the Court may grant habeas corpus relief only if the state court's decision on the merits of Petitioner's claim was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was an "unreasonable determination of the facts in light of evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Schultz v. Page*, 313 F.3d 1010, 1015 (7th Cir. 2002). The Court presumes that the state court's findings of fact are correct unless Boatman rebuts that presumption with clear and convincing evidence. *Collier v. Davis*, 301 F.3d 843, 848 (7th Cir. 2002), *cert. denied*, 123 S.Ct. 1290 (2003).

On direct appeal, Petitioner argued that the State had failed to prove him guilty beyond a reasonable doubt because the prosecution's eyewitness exonerated him and corroborated his own testimony. In considering this argument, the appellate court, citing *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), recognized that it was "determining whether, after viewing all of the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." The appellate court went on to conclude that the eyewitness' testimony:

> did not establish that he witnesses the entire incident. Indeed, [the eyewitness] stated that when he saw Ross fire the gun, he 'ducked and walked by [Wilcox Street] behind Cardell (phonetic) and crossed over to Campbell by Grant School.' We find that the circuit court could have reasonably inferred that during this time Ross gave the gun to defendant, who then fired it as he admitted he had within his written statement. Accordingly, we believe that a rational trier fo fact, viewing all the evidence in its aspect most favorable to the State and without disregarding the testimony of [the eyewitness], could have found defendant guilty of first-degree murder beyond a reasonable doubt.

This Court concludes that the appellate court's decision was not contrary to, or an unreasonable application of federal law as established by the Supreme Court of the United States. The Illinois appellate court followed Supreme Court law established in *Jackson* when it made its findings. It examined the evidence against Petitioner as well as the evidence Petitioner claimed was inconsistent with his conviction. In addition, the appellate court's application of the standard articulated in *Jackson* was within the bounds of reasonableness. Accordingly, Petitioner's habeas claim based on legally insufficient evidence is denied.

## CONCLUSION

For the reasons set forth above, Petitioner Boatman's petition for a writ of habeas corpus is denied.

Dated: May 28, 2003

ENTERED:

AMY J. ST. EVE
United States District Judge

7